NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3088

HOWARD M. ZWAGIL,

Petitioner,

v.

GENERAL SERVICES ADMINISTRATION,

Respondent.

_____

DECIDED: February 1, 2006

_____

Before MICHEL, <u>Chief Judge</u>, BRYSON, and DYK, <u>Circuit Judges</u>.

BRYSON, <u>Circuit Judge</u>.

Until his removal in March 2004, Howard Zwagil was employed as a police officer with the Federal Protective Service, an agency within the Department of Homeland Security. He was removed from his position based on two charges: (1) deliberate refusal to carry out assigned duties where the safety of persons and/or property is involved; and (2) making a threatening comment in the workplace. He appealed the removal action to the Merit Systems Protection Board, but the Board sustained the agency's action. Docket No. PH-0752-04-0421-I-1. We uphold the Board's finding sustaining the charge of deliberate refusal to carry out assigned duties, but we <u>vacate</u>

the Board's final decision and <u>remand</u> to the Board for further proceedings with regard to the appropriateness of the penalty of removal.

I

As a police officer with the Federal Protective Service ("FPS"), Mr. Zwagil was responsible for patrolling and inspecting buildings occupied by federal employees and agencies. Mr. Zwagil's employment record contained several disciplinary actions for failure to carry out his patrol duties. In June 2000, he was suspended for five days for failing to follow supervisory instructions to visit all buildings and offices in accordance with governing orders. In May 2003, Mr. Zwagil was again suspended for failing to follow required patrol procedures.

In August 2003, the FPS created a performance improvement plan for Mr. Zwagil that set forth specific performance standards. Included among those standards was the requirement that Mr. Zwagil carry out his patrol duties. In November 2003, according to the agency, Mr. Zwagil failed to complete the inspection of his assigned buildings on several occasions. As a result, his supervisor issued a notice of proposed removal, charging him with deliberate refusal to carry out assigned duties. The notice stated that Mr. Zwagil "repeatedly failed to complete inspection and patrol of [his] assigned buildings," and it alleged that his "continuing failure to carry out [his] assigned patrol, despite many counseling sessions and training, is a gross violation of [his] sworn duty, and could have a serious impact on the protection of people and property, as well as on the professional image of [the FPS]." The notice concluded that "removal of a Police Officer who is capable of complying with orders, but who, after many counseling

sessions and training does not comply, is for such cause as promotes the efficiency of the Federal Service." Mr. Zwagil did not respond to the notice of proposed removal.

Upon receiving the notice of proposed removal, Mr. Zwagil stated to a co-worker that he "was going to take the rest of the day off because if I don't and hang around here, I will probably end up hurting someone." That statement was reported to Mr. Zwagil's supervisor, who subsequently amended the notice of proposed removal to include a second charge of making a threatening comment in the workplace.

In March 2004, the deciding official, Deputy Regional Director Michael Grieco, issued a notice of removal. The notice stated that Mr. Zwagil had "exhibited a continuous pattern of misconduct and poor performance for at least the last four years." It noted that Mr. Zwagil's "well-documented history of failing to perform even the most basic of assignments is highly detrimental to the mission of this organization" and that "[r]epeated, painstaking, and time-consuming efforts . . . to correct [Mr. Zwagil's] behavior and performance have been fruitless." The notice further stated that "[m]ore importantly, as a law enforcement officer in the Department of Homeland Security, Federal Protective Service, for you to make a threatening comment in the workplace is so entirely contrary to our mission and values that I cannot possibly have you continue as a representative of this agency." Mr. Zwagil appealed his removal to the Merit Systems Protection Board.

The administrative judge who was assigned to the case sustained the charge of deliberate refusal to carry out assigned duties. She explained that "[b]ecause there is no evidence that the appellant's failure to inspect and monitor the buildings was the result of oversight or was inadvertent, I find the appellant's actions were deliberate."

05-3088                                    3

However, the administrative judge did not sustain the charge of making a threatening comment in the workplace. Although she found that Mr. Zwagil had made the statement in question, she concluded that his statement was not intended to be threatening.

The administrative judge then evaluated the penalty imposed by the agency, observing that "when not all of the agency's charges are sustained, the Board will independently and responsibly balance the relevant factors set forth in Douglas v. Veterans Administration, 5 M.S.P.R. 280, 306 (1981), in order to determine a reasonable penalty." The administrative judge explained that "[i]n determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency" and that the "Board recognizes that its function is not to displace management's responsibility or to decide what penalty it would impose, but to assure that management judgment has been properly exercised and that the penalty selected by the agency does not exceed the maximum limits of reasonableness."

The administrative judge noted that the deciding official, Deputy Director Grieco, testified that he had considered the Douglas factors in determining the appropriate penalty. She explained that "Mr. Grieco concluded that the agency's obligation to protect the people who work, visit, or come into . . . government facilities . . . outweighed the mitigating factors of the appellant's long Federal service record." Furthermore, the administrative judge stated that the "agency properly considered the appellant's prior disciplinary record consisting of a 5-day and a 10-day suspension."

The administrative judge also rejected Mr. Zwagil's argument that the removal action could not be sustained because a co-worker, Officer Graham, had not been

disciplined for failing to inspect all of the buildings assigned to her. The administrative judge explained that "the Board has held that where the punishment is appropriate to the seriousness of the offense, an allegation of disparate penalties is not a basis for reversal or mitigation." Because the administrative judge concluded that removal was an appropriate penalty under the circumstances, she sustained the penalty. Mr. Zwagil then petitioned this court for review of the Board's decision.

II

Mr. Zwagil first contends that the administrative judge erred in sustaining the charge of deliberate refusal to carry out assigned duties. He argues that a memorandum from his supervisor instructed officers that they did not have to patrol every assigned building and that it was therefore permissible for him not to patrol every building each day. That is a misinterpretation of the memorandum in question. The memorandum states: "You will check each building you are assigned at different times each day . . . . This doesn't mean you check every floor but observe/patrol the interior of the building, the lobby, guard posts, etc." Officers thus were not required to patrol each floor of each building, but were instructed that they must "check each building you are assigned at different times each day."

Mr. Zwagil also argues that his failure to patrol the buildings assigned to him was not deliberate. The administrative judge, however, found that there was no evidence that Mr. Zwagil's failure to inspect and monitor the buildings "was the result of an oversight or was inadvertent," and she relied on the testimony of Mr. Zwagil's supervisor that Mr. Zwagil had the ability to do his job, but "does what he wants to do rather than doing what is required." We conclude that substantial evidence supports the

administrative judge's finding that Mr. Zwagil deliberately refused to carry out his assigned duties.

Mr. Zwagil next argues that the penalty of removal was unreasonably harsh. The administrative judge, however, reviewed the evidence regarding the penalty in detail and concluded that "the agency has shown that the appellant's misconduct seriously impacted the supervisors' ability to accomplish the goals of the agency." She noted that "where it is demonstrated that an employee deliberately failed to carry out assigned work orders, the Board has found that removal action promotes the efficiency of the service." In addition, she found that it was proper for the agency to take into consideration those aspects of Mr. Zwagil's disciplinary record that were part of the record before the Board.

With respect to Mr. Zwagil's contention that he was subjected to disparate treatment because another police officer was not disciplined for similar misconduct, the evidence did not show that the other officer was similarly situated. The other officer was much less experienced than Mr. Zwagil, and the evidence did not reflect that she had a similar disciplinary record or that she was working under a performance improvement plan. Moreover, as the administrative judge explained, the Board has held that if an employee's punishment is determined to be appropriate to the seriousness of the offense, the fact that some other employee may not have been given the same punishment for similar misconduct does not require that the penalty imposed on the charged employee must be reversed or mitigated.

Finally, Mr. Zwagil argues that the administrative judge did not properly assess the appropriateness of the penalty in light of the fact that only one of the two charges

was sustained. Citing the reference in the removal notice to the threatening comment charge, Mr. Zwagil contends that the agency might have imposed a lesser penalty if the deliberate refusal charge had stood alone. In the removal notice, after sustaining the charge of refusing to carry out assigned duties, Deputy Director Grieco turned to the charge of making a threatening comment in the workplace, and stated: "More importantly, as a law enforcement officer . . . , for you to make a threatening comment in the workplace is so entirely contrary to our mission and values that I cannot possibly have you continue as a representative of this agency." Based on Deputy Director Grieco's characterization of the unsustained charge as "more important[ ]," Mr. Zwagil argues that it was improper for the Board to uphold the penalty of removal based solely on the sustained charge.

This court has held that "[w]hen the Board sustains fewer than all of the agency's charges, the Board may mitigate to the maximum reasonable penalty so long as the agency has not indicated either in its final decision or during proceedings before the Board that it desires that a lesser penalty be imposed on fewer charges." LaChance v. Devall, 178 F.3d 1246, 1260 (Fed. Cir. 1999). If the Board "discerns from the record or the proceedings that the agency desires imposition of a lesser penalty the Board must accord the agency an opportunity to institute such a lesser penalty." Id. But if the Board determines that the agency "has not indicated either in its final decision or during proceedings before the Board that it desires a lesser penalty be imposed on fewer charges," the Board may uphold the penalty of removal if it regards that penalty as falling within the maximum reasonable penalty for the sustained charge. Id.; see also Russo v. U.S. Postal Serv., 284 F.3d 1304, 1310 (Fed. Cir. 2002).

In one respect, the administrative judge in this case did not follow the procedure set forth in LaChance v. Devall. That is, the administrative judge did not focus on whether there was any indication in the record that the agency would have imposed a lesser penalty if the penalty determination had been based solely on the sustained charge. Instead, citing the Board's decision in White v. United States Postal Service, 71 M.S.P.R. 521, 525-27 (1996), the administrative judge stated that "when not all of the agency's charges are sustained, the Board will independently and responsibly balance the relevant factors . . . to determine a reasonable penalty."

In LaChance v. Devall, this court rejected the approach set forth by the Board in the White case, in which the Board announced that, in cases in which fewer than all the charges were sustained, it would independently determine what penalty to impose. See 178 F.3d at 1249; see also Negron v. Dep't of Justice, 95 M.S.P.R. 561, 572 (2004). In this case, rather than independently determining the appropriate penalty, the administrative judge should have first determined whether the record contained any indication that the agency would have imposed a lesser penalty based only on the sustained charge.

Because that inquiry is a highly factual one, we decline to make that determination ourselves and instead remand this case to the Board to determine whether anything in the record indicates that the agency would have imposed a lesser penalty based solely on the charge of deliberate refusal to carry out assigned duties. The Board's inquiry into whether the agency would have imposed a lesser penalty should include consideration of the decision letter itself and in particular the portion stating "[m]ore importantly . . . for you to make a threatening comment in the workplace

is so entirely contrary to our mission and values that I cannot possibly have you continue as a representative of this agency." If the Board finds that the record indicates the agency would have imposed a lesser penalty, the Board must give the agency an opportunity to institute a lesser penalty. On the other hand, if the Board finds that there is no indication in the record that the agency would have imposed a lesser penalty if it had considered only the sustained charge, the Board may uphold the penalty imposed if it concludes that the penalty was not in excess of the maximum reasonable penalty for the sustained offense.